**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**MICHAEL ELLISON,**

    **Plaintiff,**

**vs.**                                                     **CASE NO. 1:06CV235-MP/AK**

**DANIEL JAMESON, et al,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that the defendants violated his rights by forcing him to work at food services and he seeks compensation at minimum wage for the hours he worked while incarcerated. (Doc. 1). Although Plaintiff sought and was granted leave to proceed in forma pauperis (docs. 2 and 4), he elected to serve the Defendants himself. (Doc.7). Defendants moved to quash this service (doc. 11) and to dismiss this cause on this and other grounds. (Doc. 16). Plaintiff has responded (doc. 17), and Defendants have filed a reply. (Doc. 19).

**I.**     **Standard of Review**

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Boyer v. Board of County Comm'rs, 922 F. Supp. 476, 482 (D. Kan. 1996), *aff'd,* 108 F.3d 1388, *citing* Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993); Mitchell v.

Farcass, 112 F.3d 1483, 1487 (11th Cir. 1997); Mannings v. Board of Public Instr. of Hillsborough County, Fla., 277 F.2d 370, 372 (5th Cir. 1960). The court should not weigh the evidence, but merely "determine whether the complaint itself is legally sufficient." In re Mosello, 190 B.R. 165, 168, *aff'd,* 193 B.R. 147, *aff'd,* 104 F.3d 352 (Bankr. S.D.N.Y. 1995), *citing* Festa v. Local 3, Int'l Brotherhood of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990). Dismissal of a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

All well-pleaded factual allegations and reasonable inferences from those allegations must be accepted as true in ruling upon a motion to dismiss. Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992)(citation omitted), *cert. denied*, 113 S. Ct. 1586 (1993). However, this does not mean "that every statement in a complaint must be accepted as true." In re Mosello, 190 B.R. at 168. The "court need not accept 'sweeping and unwarranted averments of fact.'" *Id., citing* Perniciaro v. Natale, 136 B.R. 344, 348 (Bankr. E.D.N.Y. 1992), *quoting* Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). Claims which "rely upon conclusory statements of law" need not be accepted. Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir. 1995). Conclusory statements and their inferences "are not sufficient to defeat a motion to dismiss for failure to state a claim." Northern Trust Co., 69 F.3d at 129; *see also* Quality Foods de Centro America, 711 F.2d 989, 995 (11th Cir. 1983)(finding "[c]onclusory allegations that defendant violated the antitrust laws and plaintiff was

**No. 1:06CV235-MP/AK**

injured thereby will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief.")

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

The motion to dismiss will be granted if the "complaint fails to allege the violation of a clearly established constitutional right." St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002), *citing* Chesser v. Sparks, 248 F.3d 1117, 1121 (11th Cir. 2001), (citing Williams v. Ala. State Univ., 102 F.3d 1179, 1182 (11th Cir. 1997)).

**No. 1:06CV235-MP/AK**

**II.     Service**

Defendant Jameson has moved to quash service upon him which was done by Plaintiff through the United States Postal Service. Plaintiff did not include a waiver of service pursuant to Rule 4(d), Federal Rules of Civil Procedure. Jameson is a vice-president and corporate officer of Aramark Correctional Services, another named defendant in this cause. Jameson is not the agent authorized to receive service of process for Aramark, which is registered as CT Corporation. Jameson has also not been named in the complaint for any personal actions outside his capacity as vice-president for the corporation.

Because Plaintiff did not proceed with service under Rule 4(d), he must serve Defendant Jameson pursuant to Rule 4 (e), which requires that service be pursuant to the law of the state in which the district court is located (Florida), which provides that service must be by a sheriff or special process server. Florida Statute § 48.02(1). If Plaintiff sought to serve the corporation, Aramark, through Jameson, he was required to serve the designated agent registered in Florida for service of process, CT Corporation.

Defendants Jameson and Aramark also move to dismiss the complaint on grounds that Plaintiff failed to serve them[1] within 120 days of the filing of the complaint pursuant to Rule 4 (m), Federal Rules of Civil Procedure. From a review of the docket activity in this case, it shows that the complaint was filed on November 14, 2006, (doc.

---

[1] Although Plaintiff names three other defendants in the complaint, no attempts have been made to serve them and any claims against them would be untimely at this point which is well past the 120 day time limit for service and Plaintiff has not sought additional time to serve them.`

**No. 1:06CV235-MP/AK**

1), giving him until March 14, 2007, to serve the defendants. Plaintiff filed a certificate of service indicating that he re-mailed the complaint to the Defendants on December 19, 2006. (Doc. 7). Plaintiff filed a second certificate of service on March 21, 2007, asserting again that he had re-mailed the complaint to the defendants. (Doc. 12). This second attempt at service is clearly outside of the 120 day time limit for service.

Plaintiff responds that he was given wrong information from the legal staff at the correctional institution about the address for service of process and requests that the Court waive service of process. (Doc. 17). Rule 4, Federal Rules of Civil Procedure, provides that the Defendant may waive formal service of process, not the Court, but the Court may upon a showing of good cause extend the time limit for service under Rule 4(m), Federal Rules of Civil Procedure, to allow Plaintiff additional time to effect proper service. However, because Plaintiff's claim fails as a well settled issue of law, the Court declines to extend more time to effect proper service upon the Defendants and finds that the motion to quash (doc. 11) should be **GRANTED**; that Defendants' motion to dismiss on grounds of untimely service (doc. 16) should also be **GRANTED**; and that the complaint should also be **DISMISSED** for failure to state a claim, as set forth below.

### III. Failure to state a claim

Plaintiff asserts a vague equal protection claim against the Defendants for not paying him minimum wage during the time he worked in food services for the Department of Corrections.

**No. 1:06CV235-MP/AK**

Government action may have a disparate impact upon persons similarly situated, but it is not unconstitutional absent a discriminatory intent. <u>Washington v. Davis</u>, 426 U.S. 229, 239 (1976); <u>Personnel Administrator of Massachusetts v. Feeney</u>, 442 U.S. 256, 272 (1979). Thus, to prevail on an equal protection claim, a prisoner must demonstrate that he is similarly situated to other inmates who were treated more favorably, and that his discriminatory treatment was based on some constitutionally protected interest. <u>Jones v. Ray</u>, 279 f.3d 944, 947 (11th Cir. 2001). Plaintiff must set forth facts which show that Defendant discriminated against him on the basis of "race, religion, national origin, poverty or some other constitutionally protected interest." <u>Damiano v. Florida Parole and Probation Comm.</u>, 785 F.2d 929, 932-33 (11th Cir. 1986). Absent some allegation of a protected class, the Court must look to the alleged discriminatory treatment to discern if there is a rational basis for it. <u>Bass v. Perrin</u>, 170 F.3d 1312, 1319 (11th Cir. 1999).

The Court need not examine the claim further since Plaintiff has failed to allege any basis for discrimination or show how he was treated differently from other similarly situated prisoners. In fact, the complaint purports to assert claims on behalf of the entire inmate population whom he claims should not have been forced to work for the "private sector." (Doc. 1, 7-A). Thus, as the Court interprets his claims he is asserting that inmates are treated differently from other persons and this violates his equal protection rights. Prisoners are not a protected class and the issue of whether they must be compensated for their work has been litigated and fairly decided among

**No. 1:06CV235-MP/AK**

federal courts that there is no constitutional right to be compensated for labor in the prisons.  Siglar v. Lowrie, 404 F.2d 659, 661 (8th Cir. 1969), *cert denied* 395 U.S. 940 (1969); Manning v. Lockhart, 623 F.2d 536 (8th Cir. 1980); Woodall v. Partilla, 581 F.Supp 1066 (D.C. Ill. 1984); Borror v. White, 377 F.Supp. 181 (D.C. Va. 1974).  Forced prison labor is not considered employment and is not subject to the Fair Labor Standards Act.  Danneskjold v. Hausrath, 82 F.3d 37 (2nd Cir. 1996).  Neither is voluntary work done for the good of the prison.  (*Id.*).  This is true even when inmates work for a private non-profit corporation.  Gambetta v. Prison Rehabilitative Industries and Diversified Enterprises, Inc. (PRIDE), 112 F.3d 1119 (11th Cir. 1997).

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion to Quash (doc. 11) be **GRANTED**, and Defendants' Motion to Dismiss (doc. 16) be **GRANTED**, on grounds of untimely service and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this *26th* Day of July, 2007.

> *s/ A. KORNBLUM*
> **ALLAN KORNBLUM**
> **UNITED STATES MAGISTRATE JUDGE**

**No. 1:06CV235-MP/AK**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:06CV235-MP/AK**