IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL ELLISON,

      Plaintiff,

v.                                                                    CASE NO. 1:06-cv-00235-MP-AK

DANIEL JAMESON, et al.,

      Defendants.

_____/

### O R D E R

      This matter is before the Court on Doc. 22, Report and Recommendation of the Magistrate Judge, recommending that Defendant Jameson's Motion to Quash, Doc. 11, be granted, and that Defendants' Motion to Dismiss, Doc. 16, be granted on grounds of untimely service and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).  The Magistrate Judge filed the Report and Recommendation on Thursday, July 26, 2007.  The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections.  Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a de novo review of those portions to which an objection has been made.

      Plaintiff Ellison filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his civil rights by forcing him to work without compensation for Aramark Correctional Services while incarcerated.  Because Plaintiff did not proceed with service under Rule 4(d), the Magistrate recommends that Defendant Jameson's motion to quash service, Doc. 11, be granted. The Magistrate also recommends that Defendants' motion to dismiss the complaint be granted on grounds that Plaintiff failed to serve Defendants within 120 days of the filing of the complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  Although Plaintiff claims that

service was made within 120 days of filing his complaint, he admits that service was improper.

Plaintiff requests additional time in which to effect proper service.  Even disregarding any issue

of service, the Court agrees with the Magistrate that Plaintiff's complaint fails to state a claim

and should be dismissed.

In his objections, Plaintiff states that the Magistrate misconstrued his claim.  Plaintiff's

complaint, essentially, claims that Defendants failed to uphold the Equal Protection Clause of the

Fourteenth Amendment by ignoring state law regarding "Prison Industry Enhancement"

programs, and requiring Plaintiff to work for Aramark Correctional Services without pay.  The

state laws establishing Prison Industry Enhancement programs allow private, for-profit

businesses to employ prisoner labor directly, provided that prisoners are paid the higher of the

minimum wage or the prevailing wage for the work they perform.  Since Aramark Correctional

Services provides for the internal needs of the prison community, it is regarded as an

instrumentality of the State of Florida, and is not a Prison Industry Enhancement program or

governed by the Fair Labor Standards Act.  Because Plaintiff was assigned to the food services

station, he has no entitlement under state or federal law to wages for his labor, and therefore

Plaintiff cannot show that he was treated differently from other similarly situated prisoners.

Thus, after reviewing Plaintiff's complaint, the Court agrees with the Magistrate that it fails to

state a claim.

Therefore, having considered the Report and Recommendation, and the objections

thereto, I have determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.      The Magistrate Judge's Report and Recommendation, Doc. 22, is adopted and
incorporated by reference in this order.

2.      Defendant Jameson's Motion to Quash, Doc. 11, is granted.

3.      Defendants' Motion to Dismiss, Doc. 16, is granted, and this case is dismissed for untimely service and failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). The Clerk is directed note that this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**DONE AND ORDERED** this  *14th* day of August, 2007


                    *s/Maurice M. Paul*
             Maurice M. Paul, Senior District Judge